# The Knickerbocker Life Insurance Company *versus* Gorbach.

1. A widow brought suit on policies on the life of her husband, against an insurance company of New York. The defendants, alleging that the plaintiff was a citizen of Pennsylvania, applied for the removal of the case into an United States Court. The defendant answered, that she was not a citizen of Pennsylvania, but of Austria; not being a citizen of Pennsylvania her case was not subject to removal under the Acts of Congress of July 27th 1866, and March 2d 1867.

2. If the husband of a foreigner be a citizen, she will be a citizen.

3. The court below having decided the question of fact, the matter is concluded by that action and is not reviewable in the Supreme Court.

4. The defendants should have made good their averment of the plaintiff's citizenship; her answer stood for proof until overturned by proof from the defendants.

November 11th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Certiorari to the District Court of *Allegheny county*: No. 79, to October and November Term 1871.

On the 22d of January 1870, Barbara Gorbach brought an action of debt against The Knickerbocker Life Insurance Company of New York, on two policies of insurance for $10,000 each, issued by the defendants on the life of Conrad Gorbach, the husband of the plaintiff, for her benefit. Gorbach died on the 8th of August 1869, and this action was to recover the sums insured on his life.

The declaration contained two counts; each alleged that " They,

the said defendants, did then and there and thereby assure the life of Conrad Gorbach, of Allegheny City, *in the state of Pennsylvania*, to the amount of $10,000, for the use and benefit of the said Barbara Gorbach, his wife," &c.

On the 26th of April 1870, the defendants petitioned the court, setting out that the plaintiff was a " resident and citizen of Pennsylvania," and that the defendants were " a corporation duly created such by and under the laws of the state of New York and a citizen of the state of New York, within the intent and meaning of the constitution and laws of the United States," &c.; the petition alleged other facts required by the Acts of Congress relating to the removal of cases from the state courts to the United States courts ; and prayed, that " no further proceedings be had or taken in this honorable court in said suit, but that the same be removed into the said the Circuit Court of the United States for the western district of Pennsylvania, in pursuance of the said Acts of Congress in such case made and provided."

A rule was granted to show cause why the prayer of the defendants' petition should not be granted.

The plaintiff, by her answer, denied that she was at the commencement of suit, or then, " a citizen of the United States or of the state of Pennsylvania ; but respondent was then, and still is, a subject of the Emperor of Austria—this respondent having immigrated to the United States after she was over the age of twenty-one years of age ; and respondent never was naturalized or declared her intention to become a citizen of the United States." The court on the 6th of September 1870, discharged the rule.

The defendants removed the proceedings to the Supreme Court by certiorari and assigned for error :

1. The discharging the rule.

2. Refusing to order that no further proceedings be had in the District Court, and that the cause be removed into the Circuit Court of the United States.

*G. Shiras, Jr.* (with whom was *J. L. Koethen*), for certiorari.— Upon the face of the petition of the defendant below, clearly the insurance company was entitled to a removal of the cause. Unless the averments of the answer to the petition are found to take the case out of the provisions of the Acts of Congress invoked by the defendant, the court below erred.

Those averments are simply, that the plaintiff below was born in Austria, emigrated thence to the United States after she was over twenty-one years of age, and never was naturalized or declared her intention to become a citizen of the United States.

But the plaintiff's declaration showed that her deceased husband was " of Allegheny City, in the state of Pennsylvania," and her petition contains no allegation that Conrad Gorbach was not a

citizen of the United States. By the provisions of the Act of Congress of February 10th 1855, " any woman who shall be married to a citizen of the United States shall be deemed and taken to be a citizen." This act has been construed by the Supreme Court of the United States, in the case of Owen *v.* Kelly, 7 Wall. 496, to mean that " whenever a woman is in a state of marriage to a citizen, whether his citizenship existed at the passage of the act or subsequently, or before or after the marriage, she became, by that fact, a citizen also." " His citizenship, whenever it exists, confers, under the act, citizenship upon her:" Burton *v.* Burton, 38 N. Y. 373.

*Josiah Cohen* and *John Mellon,* contrà, cited Blackley *v.* Davis, 1 McClean 412.

The opinion of the court was delivered, November 16th 1871, by Thompson, C. J.—The Knickerbocker Life Insurance Company, defendant in an action brought by Barbara Gorbach on an insurance taken by her on the life of her husband or standing in her name, pending in the District Court of this county, applied by petition to remove the same into the Circuit Court of the United States for the Western District of this state, under the Act of Congress of 27th July 1866, and the supplement thereto approved March 2d 1867. The petition averred citizenship of the company in the state of New York, and that the plaintiff was " a resident and citizen" of Pennsylvania. To this petition the plaintiff made answer that she was not a citizen of the state of Pennsylvania at the commencement of said suit, but was then, and still is, a subject of the Emperor of Austria, having emigrated to the United States after she was over the age of twenty-one, and never naturalized in the United States. If she was in fact not a citizen of Pennsylvania, then her case was not subject to removal under the Acts of Congress mentioned. The cases of removal are " where there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state." Mrs. Gorbach's answer to the petition presented a question of fact in the court below as to her citizenship, and this we have no power to review on a certiorari. If her husband had been naturalized, she would have been a citizen undoubtedly, but that was a question of fact, and whatever conclusion the court below came to as to that fact cannot be reviewed here, as the facts do not appear on the record. The matter is concluded by the action in that court. For this reason we cannot say whether the court below erred in point of law on the facts or not, and that was what was sought to be reviewed in this court. It was undoubtedly the duty of the company to make good their averment of the citizenship of Mrs. Gorbach. This they did not do, and her affidavit stands for proof

that she was not a citizen until overturned by proof by tne company. In the state of the record before us we cannot say there was error on part of the court in refusing the application of defendants for the removal. The record being all right we must affirm the proceedings in the court below.

Proceedings affirmed.